# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6783 | **DATE** | 7/30/2004 |
| **CASE TITLE** | Godfrey vs. Monahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/10/04 at 10:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss is granted as to defendants Monahan, Budz, Davis and Tolbert, and denied as to defendants Brown, Durant, Olson, Thompson and Tyler. Defendants shall answer by 8/31/04. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 2004 JUL 33 AM 8:17 | 7/30/2004 date mailed notice | |
| rs | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**AUG 0 2 2004**

JAMES GODFREY #841455, )
    Plaintiff, )
)
v. ) Case No. 03 C 6783
MONAHAN, et al., ) Judge Blanche M. Manning
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff James Godfrey is currently a pretrial sexually violent person and is confined at the Joliet Annex of the Illinois Department of Human Services. He has brought this *pro se* 42 U.S.C.§ 1983 civil rights action pursuant to the Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq.*, claiming that he was assaulted by another detainee because the defendants failed to protect him. Defendants filed a motion to dismiss, claiming that Plaintiff fails to state a claim for relief. For the reasons stated in this order, the motion is granted in part and denied in part.

### STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner,* 404 U.S. 519 (1972); *Whitford v. Boglino,* 63 F.3d 527, 535 (7th Cir. 1995).



Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services*, 29 F. 3d 280, 284 (7th Cir. 1984).

## Background

The following facts are drawn from Plaintiff's complaint. On April 23, 2003, certain defendants who are security therapist aides were going through detainees' cells and taking out contraband material and Plaintiff was standing outside of his cell. When detainee Rexroat (the occupant of a neighboring cell) was removed from his cell and contraband was removed, Rexroat was placed in handcuffs, with his hands cuffed in front of his body. Detainee Rexroat shouted out that he was going to kill the Plaintiff, because Plaintiff had earlier complained that Rexroat got to keep some items in his cell that Plaintiff did not.

Rexroat came out of his cell and then attacked Plaintiff by hitting him with his handcuffs, causing a long cut on Plaintiff's right arm. Plaintiff further claims that defendant Durant stated, "

2

I hope Rexroat kick his ass."[sic]. Defendants Brown, Olson, Thompson and Tyler, as well as defendant Durant, were standing by and watched this incident but did not come to Plaintiff's aid. After this incident, defendant Durant wrote false behavior reports against Plaintiff, resulting in his loss of certain privileges. Plaintiff claims that these disciplines occurred without proper due process, though he does not specify what was wrong with the disciplinary procedures.

Additionally, with respect to the supervisory defendants, Plaintiff complains that he was housed in the same living unit with committed persons even though he was a pretrial detainee. He also states that another detainee, Stevens, was housed with him for a short time, and made homosexual advances toward him, but he fails to allege that Stevens actually did anything to him. Plaintiff admits that he concocted a homemade knife, which clearly is a contraband item, supposedly to protect himself from this detainee.

Plaintiff attaches a number of exhibits to his complaint which reflect his disciplinary charges and grievances. Among these exhibits are responses from the institution stating that plaintiff was involved in numerous altercations with other detainees, that defendant Durant was not involved in the altercation with detainee Rexroat, that handcuffing persons in Rexroat's security status in the front of the body was the correct procedure, and that it did not take six minutes for staff to come to Plaintiff's aid after he was struck by Rexroat.

In defendants' motion to dismiss, they assert that Plaintiff has failed to state a claim upon which relief can be granted because he has failed to allege any facts which show that defendants were deliberately indifferent to his safety. Specifically, they state that the injury Plaintiff sustained from detainee Rexroat was *de minimis*, and therefore insufficient to state a claim. Regarding the supervisory personnel sued by Plaintiff, they claim that a violation of state law

3

does not state a constitutional claim, and that the doctrine of *respondeat superior* does not apply.

## Discussion

Reading Plaintiff's complaint and accompanying pleadings in the light most favorable to him, we take the following facts as true for the purpose of this motion to dismiss. While Plaintiff was outside of his cell, another inmate whose cell was being searched yelled out that he was going to kill Plaintiff, presumably because Plaintiff complained that the other detainee was allowed to keep certain things in his cell whereas Plaintiff was not. This other detainee, Rexroat, was handcuffed with his hands in front of him while security therapist aides searched his cell.

Rexroat then went over to Plaintiff and struck him with the handcuffs, cutting Plaintiff's arm. Defendant Durant stated, "I hope Rexroat kick his ass."[sic] Other defendants stood by and watched Rexroat and Plaintiff fight for six minutes before coming to Plaintiff's assistance. Defendant Durant brought false disciplinary charges against Plaintiff, resulting in loss of privileges. The classification system at Joliet Annex included housing pretrial persons with committed persons under the Sexually Violent Persons Act. Defendants Tolbert and Davis were not involved in watching this incident. Defendants Budz and Monahan are sued in their supervisory capacity only as they were not present or involved in the incident.

### Claims against defendants Durant, Brown, Olson, Thompson, and Tyler

Plaintiff has stated a claim for relief against all of these defendants. He claims that defendant Durant actually shouted encouragement to detainee Godfrey, and all the other defendants watched the event and waited for six minutes before coming to Plaintiff's assistance.[1]

---

[1] The court does not comment on the likelihood of Plaintiff actually proving any aspect of his case. Rather, because he has stated these allegations in his complaint, the only issue for the purposes of this motion is whether, taken together, if true, they state a claim for relief.

4

A prison official can be held liable under 42 U.S.C. § 1983 only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994)[2]. Here, Plaintiff alleges that detainee Rexroat shouted that he was going to kill Plaintiff shortly before he attacked him. Since Plaintiff alleges that these defendants were at the scene, the court must assume, given that it is reading the complaint liberally, that they heard this remark. This would have put them on notice of a possible problem, yet they did nothing to stop the attack and did not come to his aid for six minutes.

Prison officials have a duty to ensure the safety of inmates from the violent acts of other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Soto v. Johansen*, 137 F. 3d 980, 981(7th Cir. 1998); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir.1995). Whether Plaintiff can show that these defendants were deliberately indifferent after knowing of the risk of impending harm is a matter for another day. At the motion to dismiss stage, however, he alleges that these defendants were on notice that Rexroat was going to attack him, they were present when he attacked, that officer Durant encouraged the attack, and that they failed to intercede for six minutes while Rexroat was injuring Plaintiff. This is enough to state a claim.

---

[2]The court notes that *Farmer* is an Eighth Amendment case. But in deliberate indifference cases, the same basic standards apply to pretrial detainees as to convicted felons. Pretrial detainees enjoy "at least as great as the Eighth Amendment protections available to a prisoner." *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 259 n. 1 (7th Cir. 1996). Thus, the Plaintiff's claims must be analyzed under the Fourteenth Amendment as for other pretrial detainees. *See Floyd v. Nelson*, 2002 WL 1483896 (N.D. Ill 2002).

This is true even though the defendants contend that Plaintiff has failed to state a claim because his injury was *de minimis*. A long cut on the arm is not *de minimis*. And at this point, as we have reiterated, we must focus only on the allegations in the complaint, not the possible facts which may ultimately be determined in this case.

Defendants Davis and Tolbert

Since Plaintiff says that Davis and Tolbert were not with the other aides watching the incident, he has not stated a claim against them.

The claims related to detainee Stevens

Defendants are correct in noting that Plaintiff alleges no injury from anything related to detainee Stevens or any wrongdoing relating to Stevens. Therefore, any claim regarding this detainee fails.

Claim related to wrongful discipline

Plaintiff claims that defendant Durant filed false disciplinary charges against him resulting in loss of privileges. He fails to state anything more specific but alleges that the entire disciplinary system violates due process. As this claim is too vague to specify any due process violation, it is dismissed.

Defendants Budz and Monahan

Plaintiff alleges that Budz and Monahan violated state law. These claims are not actionable under 42 U.S.C. § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 875 (7th Cir. 1992). Further, his claims against Budz and Monahan in their supervisory capacity are not actionable because liability under 42 U.S.C.§1983 requires personal involvement, not merely supervisory responsibility. *Whitford v. Boglino*, 63 F. 3d 527, 530-31(7th Cir. 1995). Liability attaches when

6

supervisor knows about conduct and approves it, condones it, or turns a blind eye. *Vance v. Peters*, 97 F. 3d 987, 992-93 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F. 3d 555, 561 (7th Cir. 1995); *Black v. Lane*, 22 F. 3d 1395, 1401 (7th Cir. 1994). As Plaintiff does not allege that Budz and Monahan had anything to do with the attack by Rexroat, his claims against them in their supervisory capacity must be dismissed.

### Qualified Immunity

We turn finally to defendants' qualified immunity argument. The question is whether plaintiff has successfully alleged a violation of one or more constitutional rights, and if so, whether he has shown that the constitutional standards were objectively clear at the time the defendants took their action. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987). As discussed above, Plaintiff's allegations state a claim for the violation of a clearly established constitutional right to receive protection from harm. For this reason, defendants' qualified immunity defense fails.

### CONCLUSION

For the above reasons, the motion to dismiss is granted as to defendants Monahan, Budz, Davis and Tolbert. It is further ordered that the motion is denied as to defendants Brown, Durant, Olson, Thompson and Tyler. These defendants have 30 days to answer.

ENTER:

*Blanche M. Manning* (signature)

Blanche M. Manning
UNITED STATES DISTRICT COURT

DATED: JUL 3 0 2004